Ernest ABBOTT,\* Plaintiff-Appellant,

v.

Harold K. MINES and Thornton Bryan,
Defendants-Appellees.

No. 18903.

United States Court of Appeals
Sixth Circuit.

June 6, 1969.

Francis T. Goheen, Paducah, Ky. (William Craves, Goheen, Schultz & Yaffe, Paducah, Ky., on the brief), for appellant.

Thomas J. Marshall, Paducah, Ky. (Wheeler & Marshall, Paducah, Ky., on the brief), for appellees.

Before EDWARDS, CELEBREZZE and COMBS, Circuit Judges.

CELEBREZZE, Circuit Judge.

The question presented on this appeal is a narrow one: whether Plaintiff-Appellant is entitled to a new trial because the trial Judge excluded all women from the petit jury panel. Plaintiff-Appellant's action related to a cancer he contracted which affected his penis, groin, and other parts of his body and

---

\* Mary Ruemmler, Administratrix of the Estate of Ernest Abbott, deceased, substituted as Plaintiff-Appellant.

the trial Judge without inquiry determined that the proceedings would be "distasteful" to women.

Plaintiff-Appellant sued Defendants-Appellees in the United States District Court for the Western District of Kentucky for medical malpractice. Before the trial, the District Judge excused for the reason set forth above all the women from the petit jury panel, a total of 12 out of 29 persons making up the panel. He then directed the United States Marshal to fill their places with male bystanders. All the parties objected and Plaintiff-Appellant perfected this appeal following the verdict against him.

Appellant contends that the District Judge's action entitles him to a new trial. Appellees contend, however, that federal law vests discretion in District Judges to determine the composition of juries in cases before them. This discretion, according to Appellees, allows District Judges to exclude women as a class when the circumstances call for it. Appellees argue in the alternative that even if the District Judge did act improperly Appellant was not prejudiced by his actions so that the verdict and judgment should stand.

We have concluded that although federal law does vest some discretion in District Judges along the lines that Appellees suggest, that discretion was exceeded in this case. We have also concluded that Appellant is entitled to a new trial.

Starting with the very basic principle that "[t]he American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community," Thiel v. Southern Pacific Co., 328 U.S. 217, 220, 66 S.Ct. 984, 985, 90 L.Ed. 1181 (1946); see Glasser v. United States, 315 U.S. 60, 85, 62 S.Ct. 457,

86 L.Ed. 680 (1942), the Supreme Court held in Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181 (1946), that women could not be excluded as a class from juries. The Court reasoned that a jury cannot be truly reflective of the community from which it is drawn if only half of that community is represented.

Congress has by legislation setting standards for the selection of federal jurors carried forward the American tradition of trial by a representative jury. Before the Judicial Code of 1948, federal juror qualifications were set by federal officials who looked for guidance to state qualifications and exemptions. With the Judicial Code of 1948, Congress attempted to establish uniform qualifications for federal jurors. See 28 U.S.C. § 1861 et seq. Certain state exemptions, however, were retained until 1947. In enacting the Civil Rights Act of 1947, Congress removed all reference to state qualifications thus creating a uniform jury selection system to be administered by federal officials in accordance with federal law.[1] See Rabinowitz v. United States, 366 F.2d 34 (5th Cir. 1966).

Section 1863 of the Judicial Code of 1948 which was enacted along with § 1861 does vest some discretion in District Judges to excuse or exclude from jury service certain individuals or groups. This Section provides:

"Section 1863. Exclusion or excuse from service

"(a) A district judge for good cause may excuse or exclude from jury service any person called as a juror.

"(b) Any class or group of persons may, for the public interest, be excluded from the jury panel or excused from service as jurors by order of the district judge based on a finding that such jury service would entail undue hardship, extreme inconvenience or

---

1. The Jury Selection and Service Act of 1968, P.L. 90–274, 82 Stat. 53, amending 28 U.S.C. § 1861 et seq., expressly prohibits the exclusion of women as a group from jury service. See 28 U.S.C. § 1862, as amended. This Act, however, does not affect the instant case since the proceedings therein commenced before its effective date.

serious obstruction or delay in the fair and impartial administration of justice.

"(c) No citizen shall be excluded from service as grand or petit juror in any court of the United States on account of race or color." (Tit. 28, U.S.C.)

■ Appellees maintain in effect that Section 1863 allows a District Judge on his own motion and without inquiry to violate the historical and judicial underpinnings of federal jury selection procedures by excluding from serving on federal juries well-defined community groups, women in particular. Although federal District Judges clearly have discretion in particular cases to regulate the composition of juries, that discretion is and must be stringently circumscribed by the fundamental rule that federal juries must derive from a fair and broadly based cross-section of the community. None of the categories set forth in Section 1863 can be read as allowing a wholesale exclusion of women. And Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261 (1946) prevents it. Rabinowitz v. United States, 366 F.2d 34, 54 n. 49 (5th Cir. 1966).

■ If any of the women who had been called as jurors in this case had asked to be excused on the ground that the trial would in fact be distasteful to them, the District Judge could have properly excused them. But the Judge did not make such an inquiry. It is common knowledge that society no longer coddles women from the very real and sometimes brutal facts of life. Women, moreover, do not seek such oblivion. They not only have the right to vote but also the right to serve on juries. In Rabinowitz v. United States, 366 F.2d 34, 55 (1966), the Fifth Circuit summed up the matter in this way:

"Any attempt to gain competent jurors that would result in a less representative cross-section than a selection drawn from the statutorily qualified pool would destroy the 'right' to serve on juries which Congress intended to confer, as well as destroy the broad based cross-section Congress has designated for federal juries."

■ The District Judge's desire to avoid embarrassment to the women jurors is understandable and commendable but such sentiments must be subordinated to constitutional or congressional mandates.

We now turn to Appellees' alternative contention that even if the District Judge abused his discretion Appellant was not prejudiced by it and is therefore not entitled to a new trial.

■ One of our functions as a Federal Appellate Court is to watch over jury selection procedures to guard against frustration of the congressional purpose behind them. Compare McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) with Fay v. New York, 332 U.S. 261, 294, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947). Excluding defined community groups from federal juries, whether this is done by jury commissioners or as in this case by the Court itself, results in injury to the jury system. The exclusion may or may not prejudice one of the parties. But that is not the question before us. We must eliminate any tendencies that undermine and weaken the institution of jury trial as it operates in federal courts. Thiel v. United States, 328 U.S. 217, 224, 66 S. Ct. 984 (1946). Appellant is therefore entitled to a new trial by a jury drawn from a panel that was properly constituted.

Reversed and remanded.